# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| WAYNE COBB,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JEREMY "BOB" GREEN and YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC.,<br><br>　　　　Defendants. | CIVIL ACTION FILE<br>2:23-CV-130-SCJ<br><br>JURY TRIAL<br>DEMANDED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.　　Description of Case:**

**(a)　Describe briefly the nature of this action.**

This is a personal injury action brought by Wayne Cobb ("Mr. Cobb"), the father of Jennifer Cobb ("Jennifer"), for childhood sexual abuse of Jennifer by Jeremy Green ("Mr. Green") a coach and employee of the Young Men's Christian Association of Georgia's Piedmont, Inc. ("Bell Family YMCA"). The action has been brought by Cobb on behalf of Jennifer because she is deceased.

Mr. Cobb brings claims against Mr. Green for child sex abuse under Marsha's Law (18 U.S.C. §§ 2255, 2422 (b), 2423 (b), 2251 (a), 2252A (a)(2)); and claims under Georgia law for child sex abuse, breach of fiduciary duty, punitive damages, and attorney fees and expenses of litigation.

Mr. Cobb brings Georgia law claims against Bell Family YMCA for negligent failure to warn, negligent hiring, retention, and supervision, premises liability, breach of fiduciary duty, punitive damages, and attorney fees and expenses of litigation.

Mr. Green denies that he sexually abused Jennifer, and further denies that Mr. Cobb is entitled to any damages against him.

Bell Family YMCA denies that it had any knowledge of Mr. Green sexually abusing Jennifer or that it negligently hired, retained or supervised Mr. Green. Bell Family YMCA therefore deny that Mr. Cobb is entitled to any damages against them individually or collectively.

**(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

YMCA provided a gymnastics program called the "Twisters" at the Bell Family Branch YMCA located in Hartwell, Georgia. Jennifer joined the program in the Fall of 2012 at the age of 11. Mr. Green was 27 years old and on the coaching staff at the YMCA, a position he held for five to six years prior to Jennifer's arrival.

Mr. Cobb alleges that prior to Jennifer joining the Twisters, in or around 2007-2008, Bell Family YMCA knew or should have known that Mr. Green had one or more inappropriate relationships with gymnasts and other minor girls through his work as a staff member and coach at the Bell Family Branch YMCA and was a danger to gymnasts such as Jennifer. Mr. Cobb alleges that from 2012 until 2013, Mr. Green used his position as a coach, and later former coach, at the Bell Family Branch YMCA to groom and abuse Jennifer at the Bell Family Branch YMCA during gymnastics functions. Mr. Cobb alleges that Bell Family YMCA, through its employees, knew or should have known about the inappropriate behavior by Mr. Green with Jennifer and did not act to stop the behavior, notify authorities, or warn Jennifer's parents.

Mr. Cobb alleges that from 2013 to 2018, Mr. Green used electronic means to coerce and engage in sexually explicit conduct with Jennifer and produce visual depictions of such conduct and travelled across state lines to engage in illegal sexual conduct with Jennifer, including raping Jennifer at the age of 14.

Mr. Green denies the allegations and denies that he is liable to Plaintiff in any amount.

Bell Family YMCA is a nonprofit, Hart County, community driven center which offers a variety of fitness, sports and educational services through programs

that build a healthy mind, spirit and body for all. Mr. Green was employed as one of the gymnastic coaches until his last day of employment on January 16, 2013 at which time he voluntarily resigned. Bell Family YMCA had no knowledge of any alleged sexual abuse by Mr. Green, or that Mr. Green was allegedly engaging in inappropriate conduct with Jennifer or other minor girls. Therefore, Bell Family YMCA denies the allegations of the Complaint, denies that it has any liability to Plaintiff, and denies that any act or omission by Bell Family YMCA caused or contributed to any damages alleged by Plaintiff. Bell Family YMCA further denies that any alleged inappropriate actions engaged in by Green were done within the scope of his employment with Bell Family YMCA.

**(c) The legal issues to be tried are as follows:**

Mr. Cobb's claims, Mr. Green's defenses, and Bell Family YMCA's defenses will be tried to a jury to the extent that any claims are not decided as a matter of law. Cobb's currently pled claims are as follows:

Claims against Mr. Green are for child sex abuse under Marsha's Law (18 U.S.C. §§ 2255, 2422 (b), 2423 (b), 2251 (a), 2252A (a)(2)); and claims under Georgia law for child sex abuse, breach of fiduciary duty, punitive damages, and attorney fees and expenses of litigation; and,

Claims against Bell Family YMCA are for negligent failure to warn, negligent hiring, retention, and supervision, premises liability, breach of fiduciary duty, punitive damages, and attorney fees and expenses of litigation.

Mr. Cobb contends that Mr. Green and Bell Family YMCA's respective motions to dismiss and to stay discovery lack merit, and he will respond to those motions pursuant to the agreed-upon consent order regarding those motions. *See* Consent Motions [Doc. 14 & 19]; Orders Granting Ext. of Time [Doc. 14.1 & 19.1].

Mr. Green and Bell Family YMCA contend that some or all of Mr. Cobb's claims should be dismissed as set forth in their respective Motions to Dismiss. To the extent there are any remaining issues for the jury, the issues to be tried would address alleged liability, causation and damages.

**(d) The cases listed below (include both style and action number) are:**
  **(1) Pending Related Cases:**

*State of Georgia v. Jeremy Green*, Case No. 21HR00303, Superior Court of Hart County, State of Georgia.

  **(2) Previously Adjudicated Related Cases:**

  None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| \_\_\_\_\_ | (1) | Unusually large number of parties |
| __X__ | (2) | Unusually large number of claims or defenses |
| __X__ | (3) | Factual issues are exceptionally complex |
| __X__ | (4) | Greater than normal volume of evidence |
| __X__ | (5) | Extended discovery period is needed |
| __X__ | (6) | Problems locating or preserving evidence |
| __X__ | (7) | Pending parallel investigations or action by government |
| __X__ | (8) | Multiple use of experts |
| \_\_\_\_\_ | (9) | Need for discovery outside United States boundaries |
| \_\_\_\_\_ | (10) | Existence of highly technical issues and proof |

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff Wayne Cobb:

>KARA E. PHILLIPS
>Georgia Bar No. 379670
>DEITCH & ROGERS, LLC
>1189 S. Ponce de Leon Ave. NE
>Atlanta, Georgia 30306
>Tel: 770-394-9000
>kara@victimattorneys.com

>NAVEEN RAMACHANDRAPPA
>Georgia Bar No. 422036
>BONDURANT MIXSON & ELMORE LLP
>1201 W. Peachtree Street NW
>Suite 3900
>Atlanta, Georgia 30309
>Tel: 404-881-4100
>ramachandrappa@bmelaw.com

Defendant Young Men's Christian Association of Georgia's Piedmont, Inc., aka, Bell Family YMCA:

>Brynda Rodriguez Insley
>Ga. Bar No. 611435
>TAYLOR ENGLISH DUMA LLP
>1600 Parkwood Cir, Ste 200
>Atlanta, Georgia 30339
>Tel: 770-434-6868
>binsley@taylorenglish.com

Defendant Jeremy Green:

>William Brent Ney
>Georgia Bar No. 542519
>NEY RHEIN WILLIAMS, LLC
>265 South Culver Street
>Lawrenceville, Georgia 30046
>william@neyrhein.com

4. **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

  X   Yes         ___No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Please see the attachment.

5. **Parties to This Action:**

   (a) **The following persons are necessary parties who have not been joined:**

Mr. Green contends that the claims asserted in this action can only be brought by the Administrator of Jennifer Cobb's Estate. Because the claim was asserted by Plaintiff before his appointment as one of two administrators of such estate, the claim cannot be maintained.

Bell Family YMCA likewise contends that the claims asserted in this action can be brought only by the duly appointed Administrator of Jennifer Cobb's Estate and that Mr. Cobb had not been so appointed at the time the Complaint was filed. If Mr. Cobb is permitted to amend the Complaint to correct this error, Bell Family

YMCA contends that all persons who are appointed as joint Administrators of Jennifer Cobb's Estate must be joined.

**(b)  The following persons are improperly joined as parties:**

Mr. Green contends that the claims asserted in this action can only be brought by the Administrator of Jennifer Cobb's Estate.  Because the claim was asserted by Plaintiff before his appointment as one of two administrators of such estate, the claim cannot be maintained.

**(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The parties are not aware of any parties whose names are inaccurately stated. However, Mr. Green requests that the nickname "Bob" be stricken from the case style, as it is not part of his legal name.

**(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Mr. Cobb believes he will likely amend his pleadings to account for updates to the probate proceedings regarding Jennifer Cobb's estate. Mr. Cobb may also make amendments, pursuant to Rule 15, regarding alleged defects raised by Mr. Green and Bell Family YMCA.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY**

**DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed **WITHIN THIRTY DAYS** after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

Pursuant to Local Rules, the parties are required to serve initial disclosures by September 5, 2023 (which is thirty days from the appearance of the first defendant by motion or answer). Mr. Green has moved the Court to stay this action, including the requirement of service of initial disclosures as the requirement of such disclosures may implicate his Fifth Amendment rights in his state court criminal case.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

The parties to this Report agree that an **eight-month** discovery period is appropriate. Mr. Green contends that scheduling discovery is premature until the Court rules on the Motions which Mr. Green filed that may stay the case or be dispositive as to some or all of the allegations.

Mr. Cobb disagrees with Mr. Green's position. Pursuant to Local Rules, discovery commences on September 9, 2023, and indeed the docket reflects that a four-month discovery period is already scheduled to close on January 8, 2024. Furthermore, the Federal Rules of Civil Procedure are designed such that the presumption is that discovery shall proceed, even when dispositive motions have been filed. Mr. Green must show some special reason why discovery should be stayed. Mr. Cobb also believes that Mr. Green's motions will be denied, and at the very least, they are not so facially conclusive as to require staying discovery.

Bell Family YMCA agrees with Mr. Green's position that discovery should be stayed due to the criminal charges pending against Mr. Green on the grounds that limitations on Mr. Green's ability to participate fully in discovery while criminal charges are pending will adversely affect Bell Family YMCA's ability to prepare its defenses. If the Court denies Mr. Green's motion to stay, Bell Family YMCA agrees

that an eight-month discovery period is appropriate due to the presence of the factors identified in Paragraph 2.

**Please state below the subjects on which discovery may be needed:**

The Parties to this Report contend that discovery may be needed on Plaintiff's claims and the Defendants' defenses on liability, causation and damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

In the event the Court denies Mr. Green's motion to stay discovery, Bell Family YMCA submits that the parties will pursue discovery diligently and, at this time, anticipate that discovery can be completed within the eight-month period. However, given the sensitive nature of the allegations and number of potential witnesses and the criminal charges pending against Mr. Green, it is possible that despite the Parties' diligence, additional time may be needed. As discovery progresses, if it appears that additional time may be needed, the parties will notify the court and request a scheduling conference.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties have not identified any changes at this time and will work together to reach agreement on any potential modifications as discovery progresses.

**(b) Is any party seeking discovery of electronically stored information?**

   X   Yes               _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

At this time, the parties to this Report have not agreed, one way or the other, to limit the scope of electronic production, and they believe it will be more efficient and productive to confer as those issues arise, and to raise any disagreements with the Court, if such disagreements arise. At this time, the parties do not expect to have discovery issues regarding electronic discovery specifically, but rather expect to have disagreements as to the subject matter of discovery.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document ormat (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

At this time, the parties to this Report have not agreed, one way or the other, regarding the format for the production of ESI, and they believe it will be more efficient and productive to confer as those issues arise, and to raise any disagreements with the Court, if such disagreements arise. At this time, the parties do not expect to have discovery issues regarding the format of ESI.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties will submit a joint protective order to the court addressing anticipated confidentiality concerns.

**13.  Settlement Potential:**

**(a)** Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 15, 202 3 , and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff Wayne Cobb:**

> **Lead counsel:**   /s/ Kara E. Phillips
>
> **Other participants:**   Naveen Ramachandrappa

For Defendant Young Men's Christian Association of Georgia's Piedmont, Inc.:

> **Lead counsel:**   /s/ Brynda Rodriquez Insley
>
> **Other participants:**   LeeAnn Jones
> Jennifer Clark

For Defendant Jeremy Green:

> **Lead counsel:**   /s/ William Brent Ney

**(b)** All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

> (__)   A possibility of settlement before discovery.
>
> (X)   A possibility of settlement after discovery.
>
> (__)   A possibility of settlement, but a conference with the judge is needed.
>
> (__)   No possibility of settlement.

**(c)**   Counsel ( X ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The

**proposed date of the next settlement conference is _____, 20\_\_\_.**

**(d)      The following specific problems have created a hindrance to settlement of this case.**

None.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20\_\_\_.**

**(b)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

This Joint Preliminary Report is submitted on August 21, 2023.

Proposed order, signature page, and certificate page follow.

{02633068-1 }                                      13

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan completed and filed by the parties, the Court orders that the following time limits apply to this case:

- The discovery period ends, and discovery must be completed by May 8, 2024.

- Motions for summary judgment must be filed by June 7, 2024.

- If no summary judgment motion is filed on June 7, 2024, then the parties shall submit a proposed consolidated pre-trial order no later than July 8, 2024. Otherwise, the proposed consolidated pretrial order must filed within 30 days after the Court's ruling on any
- pending motions for summary judgment.

The time limits for adding parties, amending the pleadings, filing other motions, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

{02633068-1 }                                        1

This Report is submitted on August 21, 2023.

| | |
|---|---|
| **/s/ Kara E. Phillips** | **/s/ Brynda Rodriguez Insley** |
| Gilbert H. Deitch | Brynda Rodriguez Insley |
| Georgia Bar No. 216400 | Ga. Bar No. 611435 |
| Andrew T. Rogers | LeeAnn Jones |
| Georgia Bar No. 007010 | Ga. Bar No. 402440 |
| Kara E. Phillips | Jennifer Clark |
| Georgia Bar No. 379670 | Ga. Bar No. 39185 |
| W. Michael D'Antignac | TAYLOR ENGLISH DUMA LLP |
| Georgia Bar No. 205714 | 1600 Parkwood Cir, Ste 200 |
| DEITCH & ROGERS, LLC | Atlanta, Georgia 30339 |
| 1189 S. Ponce de Leon Ave. NE | Tel: 770-434-6868 |
| Atlanta, Georgia 30306 | binsley@taylorenglish.com |
| Tel: 770-394-9000 | jclark@taylorenglish.com |
| gil@victimattorneys.com | |
| andy@victimattorneys.com | *Attorneys for Defendant* |
| kara@victimattorneys.com | *Young Men's Christian* |
| michael@victimattorneys.com | *Association of Georgia's* |
| | *Piedmont, Inc.* |
| Naveen Ramachandrappa | |
| Georgia Bar No. 422036 | **/s/William Brent Ney** |
| E. Allen Page | |
| Georgia Bar No. 640163 | William Brent Ney |
| BONDURANT MIXSON | Georgia Bar No. 542519 |
| & ELMORE LLP | NEY RHEIN WILLIAMS, LLC |
| 1201 W. Peachtree Street NW | 265 South Culver Street |
| Suite 3900 | Lawrenceville, Georgia |
| Atlanta, Georgia 30309 | 30046 |
| Tel: 404-881-4100 | 404-842-7232 |
| ramachandrappa@bmelaw.com | william@neyrhein.com |
| page@bmelaw.com | |
| | *Attorney for Defendant* |
| Dennis T. Cathey | *Jeremy Green* |
| Georgia Bar No. 116600 | |
| Matthew A. Cathey | |
| Georgia Bar No. 532981 | |

CATHEY & STRAIN, LLC
649 Irvin Street
Cornelia, Georgia 30531-3267
Tel: 706-408-8546
DCathey@catheyandstrain.com
MCathey@catheyandstrain.com

*Attorneys for Plaintiff*
*Wayne Cobb*

## ATTACHMENT TO SECTION 4 – JURISDICTION

Mr. Cobb contends that the Court has federal question jurisdiction over this action based on a federal claim he asserts against Mr. Green and supplemental jurisdiction over the state law claims he asserts against Bell Family YMCA and Mr. Green.

Bell Family YMCA contends that, if the Court were to dismiss Mr. Cobb's federal claim against Mr. Green, the Court should decline to exercise supplemental jurisdiction over any of Mr. Cobb's state law claims.

Mr. Cobb's response is that, one, he has or will properly state a federal claim against Mr. Green, and thus the Court will not dismiss Mr. Cobb's federal claim against Mr. Green. Two, even if the Court were to dismiss Mr. Cobb's federal claim, Mr. Cobb maintains that the Court should continue to exercise supplemental jurisdiction over the state law claims.

Mr. Green joins in the Motion filed by Bell Family YMCA and adopts the position asserted by Bell Family YMCA on this issue.

# CERTIFICATE OF SERVICE

I certify that, on August 21, 2023, I served this **Joint Preliminary Report And Discovery Plan** by using the CM/ECF service, which automatically serve by electronic service the following counsel of record:

*Attorney for Defendant*
*Jeremy Green*

William Brent Ney
NEY RHEIN WILLIAMS, LLC
265 South Culver St
Lawrenceville, GA 30046
Tel: 404-842-7232
william@neyrhein.com

*Attorney for Defendant*
*Young Men's Christian Association of Georgia's Piedmont Inc.*

Brynda Rodriguez Insley
LeeAnn Jones
Jennifer Clark
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Cir, Ste 200
Atlanta, Georgia 30339
Tel: 770-434-6868
binsley@taylorenglish.com
ljones@taylorenglish.com
jclark@taylorenglish.com

**/s/ Kara E. Phillips**

{02633068-1 }