# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| WAYNE COBB, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO. 2:23-CV-130-SCJ |
| JEREMY GREEN a/k/a Bob Green *and* YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC., | |
| Defendants. | |

## INITIAL DISCLOSURES UNDER RULE 26(a)(1) ON BEHALF OF DEFENDANT YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC.

COMES NOW, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC., ("Bell Family YMCA"), named as a Defendant in the above-captioned case, and herein files its disclosures under Fed.R.Civ.P. 26(a)(1) and Local Rules as follows:

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

<u>RESPONSE:</u> Bell Family YMCA is properly identified.

**(2) Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If**

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention**.

**RESPONSE:**  As noted in Bell Family YMCA's Motion to Dismiss [Doc. 16], on the date of filing his original Complaint, Plaintiff Wayne Cobb lacked standing to bring this action. On August 31, 2023, Plaintiffs filed numerous pleadings including Plaintiffs Wayne Cobb and Susan Cobb's Motion and Brief for Leave to Add Susan Cobb as Plaintiff [Doc. 26] and the First Amended Complaint adding Susan Moon Cobb, as Co-Administrator of the Estate of Jennifer Autumn Cobb [Doc. 23], and unilaterally changing the style of the case to: Wayne Douglas Cobb, as Co-Administrator of the Estate of Jennifer Autumn Cobb, deceased, and Susan Moon Cobb, as Co-Administrator of the Estate of Jennifer Autumn Cobb.  Wayne Cobb and Susan Cobb were not sworn in as Co-Administrators of the Estate of Jennifer Autumn Cobb until August 15, 2023. [Doc. 23-1].

Based upon the evidence available to Bell Family YMCA at this time, there is no question regarding any necessary parties who have not been named or misjoinder of parties.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendants in the responsive pleading.**

**RESPONSE**: Bell Family YMCA denies Plaintiff's allegations of wrongdoing, causation and damages in Plaintiff's Complaint based upon the following facts:

Defendant Jeremy "Bob" Green ("Green") was originally hired by Bell Family YMCA, Inc. in or around August 2006 to be a gymnastics coach. Bell Family YMCA, Inc. properly screened Mr. Green by performing a criminal background check and obtaining community references. Upon Mr. Green's initial employment, the Gymnastics Director at Bell Family YMCA, Inc. at the time, Shellye Ayers, trained Mr. Green in accordance with Bell Family YMCA, Inc.'s usual practices, which included, among other things, proper supervision of students, gymnastics specific skills and coaching methods including appropriate touching of students while spotting, student safety, and appropriate coach-student interactions and relationships.

On May 11, 2007, Bell Family YMCA, Inc. merged with Winder Barrow Brad Akins Young Men's Christian Association, Inc., and, following the merger, the Winder Barrow Brad Akins Young Men's Christian Association, Inc. changed its name to Young Men's Christian Association of Georgia's Piedmont, Inc. As a part of Bell Family YMCA, Inc.'s merger with Winder Barrow Brad Akins Young Men's Christian Association, Inc., all employees of Bell Family YMCA, Inc., including Mr. Green, were required to submit new employment applications and undergo pre-employment background screening to continue employment.  On or around April 9, 2007, Bell Family YMCA completed Mr. Green's background

check, which showed no criminal history.  Around that time, all employees of Bell Family YMCA, Inc., including Mr. Green, received information and training concerning Bell Family YMCA's policies, practices and procedures, which included: the Winder-Barrow Brad Akins YMCA's Personnel Policy and Employee Benefits Guide, the Winder Barrow Brad Akins YMCA Terms of Employment and the YMCA of the USA's Child Abuse Prevention Code of Conduct.

On or about April 14, 2008, Mr. Green left his employment at Bell Family YMCA to take other employment. In November 2010, Mr. Green reapplied for employment with Bell Family YMCA and, on November 22, 2010, signed the "Winder-Barrow Brad Akins YMCA Terms of Employment" and again signed and confirmed that he had read the YMCA of the USA's Child Abuse Prevention Code of Conduct. On December 12, 2011, Mr. Green again acknowledged receipt of the Bell Family YMCA Personnel Policy and Employee Benefits Guide and agreed to abide by the rules of Bell Family YMCA.

Mr. Green was employed by Bell Family YMCA as a part-time gymnastics coach and fitness attendant from November 22, 2010 until he voluntarily resigned in January 2013. Mr. Green's last day at work at the Bell Family YMCA was January 16, 2013.

The Cobb family first joined Bell Family YMCA on or around June 6, 2007, withdrew their membership on or about April 14, 2009, and rejoined in October 2011. They purchased a family membership and paid monthly family membership dues in the amount of $50 a month. The Cobb family also registered for and paid various registration fees for other Bell Family YMCA events, such as swim classes, gymnastics classes, cheerleading classes, summer camps, and Friday Night Fun events. The Cobb family first registered Jennifer Cobb for gymnastics classes on October 4, 2011. Between October 2011 and May 2014, Jennifer Cobb registered for, attended, and progressed through First Flight Gymnastics, Second Flight Gymnastics, Third Flight Gymnastics, Advanced Girls Gymnastics, Intermediate Girls Gymnastics and Team 2 Gymnastics. Details concerning classes and activities in which Jennifer Cobb was enrolled at the Bell Family YMCA are reflected in records identified in Attachment C and which will be produced by Bell Family YMCA. In May 2014, Jennifer Cobb's participation in gymnastics and other activities at Bell Family YMCA ended.  The Cobb family's membership with Bell Family YMCA expired on or about June 24, 2014.

At no time during Mr. Green's employment by Bell Family YMCA or during the time Jennifer Cobb was enrolled in classes at Bell Family YMCA was Mr. Green observed by Bell Family YMCA engaging in improper contact with

Jennifer Cobb or other minor participants in the gymnastics program. Bell Family YMCA did not receive any complaints or reports of Mr. Green having engaged in any allegedly improper contact with Jennifer Cobb or any other minor participants in the gymnastics program at any time before or during his employment by Bell Family YMCA or while Jennifer Cobb was enrolled in classes at Bell Family YMCA.

YMCA of the USA's Code of Conduct and Bell Family YMCA policies and practice expressly prohibit employees, including Mr. Green, from, among other things:

1.  Being alone with a single child;

2.  Physically, verbally, sexually, and mentally abusing or neglecting children;

3.  Touching a child in areas of their bodies that would be covered by a bathing suit;

4.  Intimate displays of affection towards others in the presence of children, parents, and staff;

5.  Being alone with children they meet in the YMCA programs outside of the YMCA;

6.  Transporting children in their own vehicles; and

7.  Dating program participants under the age of 18 years of age.

Beginning in 2005, all new Bell Family YMCA, Inc. and Bell Family YMCA employees received in-person orientation training in accordance with the Winder-Barrow Brad Akins YMCA Orientation Handbook. Orientation training included Child Abuse Prevention Standards and the Code of Conduct. Details concerning orientation, Code of Conduct, and Personnel Policies are reflected in records identified in Attachment C and which will be produced by Bell Family YMCA.

In addition to orientation training, Bell Family YMCA staff are required to attend All Staff Meetings once per year covering topics including, but not limited to, the Code of Conduct, child abuse prevention, duty to report, youth protection, CPR and first aid. In the event the allegations against Mr. Green regarding improper conduct with Jennifer Cobb or any other minor participants are proven true, such conduct is expressly forbidden by Bell Family YMCA as outlined above, is not in furtherance of the business of Bell Family YMCA and is completely outside the scope of his employment. Any allegedly improper conduct that occurred outside Mr. Green's working hours or at times when he was not employed by Bell Family YMCA also is completely outside the scope of his employment.

Mr. Green's last day of work with Bell Family YMCA was January 16, 2013. Jennifer Cobb's participation in the Bell Family YMCA gymnastics program and events ended in May 2014. The alleged acts giving rise to Plaintiffs' tort claims against the Bell Family YMCA are alleged to have occurred in or around 2012 and 2013. Based upon the allegations of the Complaint, Jennifer Cobb reached the age of majority on January 18, 2019 and she did not file a Complaint against Bell Family YMCA arising out of the actions that allegedly occurred while she was participating in Bell Family YMCA programs within the two-year statute of limitations, which expired on or before January 18, 2021. As such, Plaintiff's claims therefore are time barred.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**<u>RESPONSE:</u>** Potentially applicable statutes, codes, and legal principles include, without limitation:

(a)     As to the Bell Family YMCA's statute of limitations defense, the relevant statutory provisions and illustrative case law includes, but may not be limited to: O.C.G.A. §§ 9-3-33, 90(b); *Doe v. Saint*

*Joseph's Catholic Church*, 313 Ga. 558, 870 S.E.2d 365 (2022); *McClure v. Raper*, 266 Ga. 60, 463 S.E.2d 125 (1995).

(b)   As to Plaintiff's negligence claims against Bell Family YMCA, and defenses thereto, including causation and apportionment of damages, the relevant statutory provisions and illustrative case law includes, but may not be limited to: O.C.G.A. §§ 51-1-1, 2, 6; 51-12-33(b); *Goldstein, Garber & Salama, LLC v. J. B.*, 300 Ga. 840, 797 S.E.2d 87 (2017); *Paradise Entm't Grp. v. Favors*, 363 Ga. App. 636, 871 S.E.2d 916 (2022).

(c)   As to the Plaintiff's claims for breach of fiduciary duty, the relevant statutory provisions and illustrative case law includes, but may not be limited to: O.C.G.A. § 23-2-58; *McClure v. Raper*, 266 Ga. 60, 463 S.E.2d 125 (1995).

(d)   As to the Plaintiff's claim for negligent hiring, training and supervision, the relevant illustrative case law includes, but may not be limited to: *Poole v. N. Ga. Conference of the Methodist Church, Inc.*, 273 Ga. App. 536, 615 S.E.2d 604 (2005); *Doe v. YWCA of Greater Atlanta, Inc.*, 321 Ga. App. 403, 740 S.E.2d 453 (2013); *ABM Aviation v. Prince*, 366 Ga. App. 592, 884 S.E.2d 8 (2023); *Lucas v.*

*Beckman Coulter, Inc.*, 348 Ga. App. 505, 823 S.E.2d 826 (2019); *Johnson v. Avis Rent a Car Sys., LLC,* 311 Ga. 588, 858 S.E.2d 23 (2021).

(e)     As to Plaintiff's premises liability claim, the relevant statutory provisions and illustrative case law includes, but may not be limited to: O.C.G.A. § 51-3-1; *Friendship Enters. v. Hasty*, 368 Ga. App. 7, 889 S.E.2d 137 (2023); *Ga. CVS Pharmacy, LLC v. Carmichael*, 890 S.E.2d 209 (June 29, 2023).

Bell Family YMCA respectfully reserves the right to supplement this response as appropriate.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:**  A list of individuals who Bell Family YMCA believes are likely to have discoverable information that Bell Family YMCA may use to support its defenses are listed in Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

**RESPONSE:** Bell Family YMCA has not yet identified any expert witnesses who may testify at trial. Bell Family YMCA will supplement this response in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Georgia, and any scheduling orders entered by the Court.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).**

**RESPONSE:** A description of categories of documents and other electronically stored information ("ESI") in the possession, custody, or control of Bell Family YMCA that may be used to support its defenses are listed in Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D).**

**RESPONSE:** Bell Family YMCA is not making any claims for damages in this action.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the**

**full name, address and telephone number of such person or entity and describe in detail the basis of such liability.**

**RESPONSE:**   Bell Family YMCA contends that, if it is proven that Defendant Green engaged in the acts alleged in the Complaint, he is the sole person liable to Plaintiff for such actions.  Bell Family YMCA had no knowledge of the wrongful actions in which Mr. Green allegedly engaged, and such actions were contrary to Bell Family YMCA's policies and practices applicable to its employee's conduct, contrary to the terms of Mr. Green's employment agreement, not in furtherance of the business of Bell Family YMCA and completely outside the scope of his employment.  See paragraph 3, above.

**(10) Attach for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

**RESPONSE:**   Insurance policies that Bell Family YMCA has determined may provide coverage for any judgment that may be entered in this action are listed in Attachment E.  Bell Family YMCA previously produced copies of such policies to counsel for Plaintiff.

This _____ day of September, 2023.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
*/s/ LeeAnn Jones*
LEEANN JONES
Georgia Bar No. 402440
*/s/ Jennifer L. Clark*
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Young Men's Christian Association of*
*Georgia's Piedmont, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
ljones@taylorenglish.com
jclark@taylorenglish.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of **INITIAL DISCLOSURES UNDER RULE 26(a)(1) ON BEHALF OF DEFENDANT YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC.** upon all parties to this matter by PACER and by email to the counsel of record as follows:

| **Attorneys for Plaintiff:** | **Attorneys for Plaintiff:** |
|---|---|
| Gilbert H. Deitch<br>Andrew T. Rogers<br>Kara E. Phillips<br>W. Michael D'Antignac<br>Deitch & Rogers, LLC<br>1189 S. Ponce de Leon Ave. NE<br>Atlanta, Georgia 3030<br>gil@victimattorneys.com<br>andy@victimattorneys.com<br>kara@victimattorneys.com<br>michael@victimattorneys.com | Naveen Ramachandrappa<br>E. Allen Page<br>Bondurant Mixson & Elmore LLP<br>1201 W. Peachtree Street NW<br>Suite 3900<br>Atlanta, Georgia 3030<br>ramachandrappa@bmelaw.com<br>page@bmelaw.com |
| **Attorneys for Plaintiff:** | **Attorneys for Defendant <u>Jeremy Green</u>:** |
| Dennis T. Cathey<br>Matthew A. Cathey<br>Cathey & Strain, LLC<br>649 Irvin Street<br>Cornelia, Georgia 30531-3267<br>DCathey@catheyandstrain.com<br>MCathey@catheyandstrain.com | William Brent Ney<br>Georgia Bar No. 542519<br>NEY RHEIN WILLIAMS, LLC<br>265 South Culver Street<br>Lawrenceville, Georgia 30046<br>william@neyrhein.com |

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
*/s/ LeeAnn Jones*
LEEANN JONES
Georgia Bar No. 402440
*/s/ Jennifer L. Clark*
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Young Men's Christian Association of*
*Georgia's Piedmont, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
ljones@taylorenglish.com
jclark@taylorenglish.com

# ATTACHMENT A

Based on information currently available to Bell Family YMCA, the following is a list of individuals who Bell Family YMCA believes are likely to have discoverable information that Bell Family YMCA may use to support its defenses. Additional persons may be identified through discovery or additional information that becomes available. Bell Family YMCA reserves the right to supplement these disclosures accordingly.

**Current or former employees or contractors of Bell Family YMCA or its affiliates. Each of these individuals can be contacted through counsel for Bell Family YMCA:**

1) Shellye Ayers – Gymnastics Coordinator from July 2014 to June 2017 and from June 2018 to present. Former Gymnastics Coordinator for Bell Family YMCA, Inc. prior to merger. Subjects of information may include: coaching and supervision of gymnastics participants; Bell Family YMCA gymnastics program structure, policies and procedures, activities, events, and operations; the hiring and training of gymnastics coaches, including Mr. Green; observations and interactions with Mr. Green during his employment with Bell Family YMCA; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

2) Tara Bowers – Gymnastics Coach from approximately April 2007 to September 2008 and October 2012 to June 2014. Former Gymnastics Coach for Bell Family YMCA, Inc. prior to merger. Subjects of information may include: Bell Family YMCA team gymnastics program structure, policies and procedures, activities, events and operations; observations and interactions with Mr. Green during his employment with Bell Family YMCA; the absence of observation, reports or complaints to Bell Family YMCA

regarding allegedly improper conduct by Mr. Green; Jennifer Cobb's participation in programs and events at Bell Family YMCA.

3) Rosemary Carey – Gymnastics Coach from August 2014 to November 2015; Gymnastics Coach and Membership Fitness Director from November 2015 2014 to October 2021. Former Gymnastics Coach for Bell Family YMCA, Inc. prior to merger. Subjects of information may include: Bell Family YMCA gymnastics program structure, policies and procedures, activities, events, and operations; observations and interactions with Mr. Green during his employment with Bell Family YMCA; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

4) Victoria Carpenter - Gymnastics Coach from April 2009 to approximately July 2011 and January 2013 to June 2014. Subjects of information may include: Bell Family YMCA team gymnastics activities, events, and operation; observations and interactions with Mr. Green during his employment with Bell Family YMCA; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green; Jennifer Cobb's participation in programs and events at Bell Family YMCA.

5) Mandy Floyd – Director of the Bell Family YMCA from August 2016 to present. Subjects of information may include: Bell Family YMCA policies, procedures, activities, events and operations; Bell Family YMCA hiring, training, and orientation processes; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

6) Bethany Laffey, formerly Frye – Gymnastics Coach from May 2021 to present. Former gymnastics coach from August 2006 to July 2011 and June 2012 to August 2012. Subjects of information may include: Bell Family YMCA team gymnastics program structure, policies and procedures, activities, events, and operations; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

7)  Tami Murray – Human Resources Director of Winder-Barrow Brad Akins YMCA and subsequently Bell Family YMCA from 2003 to present. Subjects of information may include: Bell Family YMCA policies, procedures, activities, events and operations; Bell Family YMCA hiring, training, and orientation processes; gymnastics class registration and participation; employee payroll records and employee attendance; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green; Jennifer Cobb's participation in programs and events at Bell Family YMCA.

8)  Angie Putman – CEO of Bell Family YMCA from July 2013 to present. Subjects of information may include: Bell Family YMCA policies, procedures, activities, events and operations; Bell Family YMCA hiring, training, and orientation processes; the absence of observations, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

9)  Ryan Snow – Former employee of Bell Family YMCA, Inc. prior to merger. Sports and Aquatics Director of Bell Family YMCA from approximately 2010 through February 2012. Bell Family YMCA Branch Director from February 2012 to August 2013. Subjects of information may include: Bell Family YMCA policies, procedures, activities, events and operations; observations and interactions with Mr. Green during his employment with Bell Family YMCA; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

10)  Kurt Stringfellow – Former CEO of Winder-Barrow Brad Akins YMCA and Bell Family YMCA from 2002 to 2011; Subjects of information may include: The merger of Bell Family YMCA, Inc. and Winder-Barrow Brad Akins YMCA; Bell Family YMCA policies, procedures, activities, events and operations; Bell Family YMCA hiring, training, and orientation processes; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

11)  John Young – Gymnastics Coach for Bell Family YMCA, Inc. prior to merger. Subjects of information may include: Bell Family YMCA team

gymnastics activities, events and operation; observations and interactions with Mr. Green during his employment with Bell Family YMCA; the absence of observation, reports or complaints to Bell Family YMCA regarding allegedly improper conduct by Mr. Green.

**Other persons who may have knowledge or information relevant to the claims and defenses in this case include:**

1. Other current or former employees, volunteers, or contractors of Bell Family YMCA

2. Plaintiffs Wayne Cobb and Susan Cobb and/or other members of the Cobb family

3. Defendant Jeremy Green

4. Medical and health care providers of Jennifer Cobb

5. All witnesses identified by Plaintiff

6. All witnesses identified by Mr. Green

**ATTACHMENT B**

At this time, Bell Family YMCA Defendants has not identified any persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**ATTACHMENT C**

Without waiving the right to identify additional documents during discovery or documents in the possession of non-parties, Bell Family YMCA identifies the following categories of non-privileged or otherwise protected documents in their possession, custody, or control that it may use to support its claims or defenses, other than those used solely for impeachment. Copies of documents containing confidential information will be produced upon entry of an agreed protective order:

1) Bell Family YMCA records relating to the employment of Defendant Green
2) Documents related to Bell Family YMCA new hire Orientation Manual, Personnel Policy, and Code of Conduct
3) Documents related to Bell Family YMCA Procedure Manual
4) Documents related to Bell Family YMCA payroll records and time sheets
5) Documents related to Bell Family YMCA class rosters, attendance, and membership records
6) Any documents identified or produced in discovery by Plaintiffs
7) Any documents identified or produced in discovery by Mr. Green
8) Any Documents produced in discovery by any non-parties

## ATTACHMENT D

Not applicable. Bell Family YMCA Defendant does not have a claim for damages.

**ATTACHMENT E**

At this time, Bell Family YMCA has identified the following insurance companies that have issued policies that may provide coverage for damages that may be awarded against Bell Family YMCA in this action: Philadelphia Indemnity Insurance Company Policy Numbers: PHPK810834 and PHUB369159.