## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **WAYNE DOUGLAS COBB, as Co-Administrator of the Estate of Jennifer Autumn Cobb, and SUSAN MOON COBB, as Co-Administrator of the Estate of Jennifer Autumn Cobb,** | ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION** **FILE NO. 2:23-CV-130-RWS** |
| **JEREMY GREEN a/k/a Bob Green and YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC.** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANT JEREMY GREEN'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant Green is properly identified. Upon information and belief, Defendant Young Men's Christian Association of Georgia's Piedmont, Inc. is properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendant Green had contended that Plaintiff Wayne Cobb, as originally identified, was an improper party to this lawsuit. That issue has been rectified.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendant Jeremy Green had filed a Motion to Dismiss based upon Plaintiff Wayne Cobb's lack of standing and/or lack of ability to represent his deceased daughter in this action. That issue has been rectified.**

**Defendant Green has also moved to dismiss Plaintiffs' claim for Breach of Fiduciary Duty because no fiduciary duty existed between the deceased and Defendant Green. Defendant Green also moved to dismiss Plaintiffs' claim pursuant to 18 U.S.C. 2255 for failure to state a claim. Specifically, Plaintiffs have made claims pursuant to O.C.G.A. § 18-U.S.C., with underlying violations of 18 U.S.C. §§ 2422(b), 2251(a), 2252A(a)(2). Plaintiffs failed to allege facts sufficient to support his 18 U.S.C. 2255 on those underlying violations, including a failure to show that Plaintiffs' deceased daughter was underage at the time of such alleged violations. Instead, Plaintiffs make vague blanket**

statements that such violations occurred over a period of time which included dates after his daughter had reached the age of consent. These defenses are more thoroughly discussed in Defendant's Motion to Dismiss which is hereby incorporated herein as if fully restated verbatim.

Further, Plaintiffs' Complaint contains claims arising out of alleged events which are at least four years old, and, in some cases, as many as eleven years old. Defendant Green contends that such claims may be barred by the statute of limitations.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

> ➢ Federal statutes 18 U.S.C. §§ 2255, 2422(b), 2423(b), 2251(a) and 2252A(a)(2) and related case law are directly applicable to this action as the basis for claims by Plaintiff.

> ➢ O.C.G.A. § 9-3-33.1 and related case law are directly applicable as the basis for a claim by Plaintiff.

> ➢ Federal and state case law regarding breach of fiduciary duties is applicable as the basis for a claim by Plaintiff.

> ➢ Federal and state case law regarding minors, age of majority, and age of consent.

> ➢ Federal and state case law regarding punitive damages.

> ➢ Federal and state case law regarding attorney's fees and costs of litigation.

> ➢ **Federal and state Rules of Civil Procedure and associated case law.**

> ➢ **Federal and state legal authorities which become necessary to the defense of this action as it proceeds.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant Green does not anticipate calling any expert witnesses at this time.  In the event that Defendant Green does retain any expert witness, Defendant Green will amend and supplement this disclosure.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Defendant Green has not counterclaimed for damages.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Without admitting to the facts as alleged by Plaintiffs or to liability, Defendant Green does not contend that some other person or legal entity, not named as a Defendant, would be liable in whole or in part for Plaintiffs' claims if the allegations are proven.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or

to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Upon information and belief, Defendant Green is aware that the Young Men's Christian Association of Georgia's Piedmont, Inc. has an insurance policy and is being represented pursuant to such policy. Defendant Green has been offered representation under the policy but does not know if such policy would be liable to satisfy a part or all of a judgment against him, personally. Defendant Green does not have a copy of the policy.**

## Attachment A

➢ **Jeremy Green**, Defendant

  (Contact through counsel)

➢ **Wayne Douglas Cobb**, Plaintiff

  (Contact through counsel)

➢ **Susan Moon Cobb**, Plaintiff

  (Contact through counsel)

➢ **Young Men's Christian Association
  of Georgia's Piedmont, Inc.**, Defendant

  (Contact through counsel)

➢ **Staff and Board Members of the Young Men's Christian Association of
  Georgia's Piedmont, Inc.**, in their personal capacities

  (Further discovery is required to identify specific individuals, contact
  information, and the nature of the information which they may have.)

➢ **Dr. Beverly Oxley**
  63 Springs Station Drive
  Franklin Springs, Georgia 30639
  706-246-0733

  (Further discovery is required to identify the nature of the information which
  she may have.)

➢ **Members of various law enforcement agencies**

  (Further discovery is required to identify specific individuals, contact
  information, and the nature of the information which they may have.)

➢ Further discovery may lead to the identification of other individuals who may
  have knowledge of the events at issue in this matter.

## **Attachment B**

Not Applicable.   Defendant Green does not anticipate calling any expert witness at this time.   In the event that Defendant Green does retain any expert witness, Defendant Green will amend and supplement this disclosure.

## Attachment C

Not Applicable.  Defendant Green knows of no such documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control.  In the event that Defendant Green locates any such documents, data compilations or other electronically stored information, Defendant Green will amend and supplement this disclosure.

U:\Autotask Workplace\William Case Files\MATTERS\GREEN_Cobb\green_init_disc_v2.docx

## **Attachment D**

Not Applicable.  Defendant Green has not counterclaimed for damages.

**<u>Attachment E</u>**

Not Applicable. Defendant Green has no such insurance policy in his possession, custody, or control.

Dated:        September 8, 2023                    Respectfully submitted,

                                                   */s/ William Brent Ney*
                                                   WILLIAM BRENT NEY
                                                   Georgia Bar No. 542519
                                                   Attorney for Defendant
                                                   Jeremy Green

Address:

Ney Rhein Williams, LLC
265 South Culver Street
Lawrenceville, Georgia 30046
404-842-7232 (Direct)
770-637-5057 (Fax)
william@neyrhein.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day caused the within and foregoing **"Defendant Jeremy Green's Initial Disclosures"** to be served upon all other parties in this action by electronic service via to be served via electronic delivery using the PACER-ECF system as authorized by LR 5.0(A), NDGA upon the following:

Gilbert H. Dietch
Andrew T. Rogers
Kara E. Phillips
W. Michael D'Antignac
Deitch and Rogers, LLC
1189 S. Airline School Road
Atlanta, Georgia 330306
  Attorneys for Plaintiff

Naveen Ramachandrappa
E. Allen Page
Bondurant Mixson & Elmore LLP
1201 W. Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309
  Attorneys for Plaintiff

Dennis T. Cathey
Matthew A. Cathey
Cathey & Strain LLC
649 Irvin Street
PO Box 689
Cornelia, Georgia 30531-0689
  Attorneys for Plaintiff

Brynda Rodriguez Kelly
Leeann Jones
Jennifer L. Clark
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
   Attorney's for Defendant
   Young Men's Christian Association
   of Georgia's Piedmont, Inc.

Dated:      September 8, 2023           Respectfully submitted,

                                              */s/ William Brent Ney*
                                              WILLIAM BRENT NEY
                                              Georgia Bar No. 542519
                                              Attorney for Defendant
                                            Jeremy Green

Address:

Ney Rhein Williams, LLC
265 South Culver Street
Lawrenceville, Georgia 30046
404-842-7232 (Direct)
770-637-5057 (Fax)
william@neyrhein.com