# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| WAYNE COBB,<br><br>    Plaintiff,<br>v.<br><br>JEREMY "BOB" GREEN and YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC.,<br><br>    Defendants. | CIVIL ACTION FILE<br>2:23-CV-130-SCJ<br><br>JURY TRIAL DEMANDED |

## CONSENT PROTECTIVE ORDER

Pursuant to O.C.G.A. § 9-11-26(c) and upon consent of Plaintiff and Defendants, by and through undersigned counsel, in the above-captioned matter, this Court finds that good cause exists for the protection of confidential information that will be provided by the parties during the course of this action. To protect such information from improper disclosure and to speed the production of discoverable information by parties and non-parties to this action,

IT IS HEREBY ORDERED that the following protections and procedures will apply to parties and non-parties producing information concerning this litigation:

02642452-1

1.

As used herein "information" shall mean any documents, including, without limitation, answers to interrogatories, oral depositions, writings, drawings, manuals, information books, tenant ledger cards, lease files, maintenance documents, incident reports, and any other sources of information, hereafter produced or examined pursuant to or as a result of any form of discovery in this case, whether by interrogatories, requests for production of documents, subpoena *duces tecum*, deposition or other method of discovery, formal or informal, by a party or non-party to this action or any of such party's or non-party's present or former officers, agents, directors, employees, consultants or other representatives and all copies, excerpts and summaries thereof.

2.

"Producing Party" means the party or non-party producing such information, including any present or former officer, agent, director, employee, consultant, or other representative.  Any non-party "Producing Party" may avail himself/herself/itself of the protection of and acquire standing to enforce the provisions of this Order by executing the form attached hereto as Exhibit A.

3.

Any Producing Party may designate as "Confidential Information" any information produced by the Producing Party or any of its present or former officers,

02642452-1

directors, agents, employees, consultants, or other representatives pursuant to or as a result of this action.  Any such designation shall be made in good faith and the Producing Party shall only designate material that may be reasonably considered as Confidential on the basis of objective criteria. The designation of information as Confidential shall be made by the Producing Party by placing or affixing a stamp or marking upon the documents (in such a manner as will not interfere with the legibility thereof) a conspicuous notice such as "Confidential Information," "Confidential" or similar legend. For documents consisting of multiple pages, to the extent practicable, each page shall be marked "Confidential." Where the information is in such a form that such a stamp or mark cannot be reasonably placed thereon, then such information shall be designated "Confidential Information" or "Confidential" in such a manner as is reasonable under the circumstances.  In the case of depositions, the Producing Party may designate Confidential portions of a deposition and may request that such portions are marked by the court reporter. Any party or non-party which chooses to designate information as Confidential, as provided in this Order, shall be responsible for and bear its own costs in connection with the review of information for the purpose of determining whether it should be designated as Confidential and for the costs of placing the appropriate legend indicating that such information shall be accorded confidential treatment.

4.

Confidential Information may be disclosed only to:

(a) the Court, the Producing Party, partners and associates in the law firms appearing of record in this action, and secretaries, paralegals, clerical contractors, including employees of temporary personnel services and employees in said law firms;

(b) officers, directors or employees of the parties assisting counsel in the preparation of the case;

(c) any person who is expressly retained or is being considered for retention by counsel for the parties in the above action to assist counsel in the litigation;

(d) persons noticed for deposition or potential witnesses at the trial of the captioned matter; and,

(e) insurers and claims representatives of any Defendant.

5.

Each person described in Paragraph 4(c), (d) or (e) and who is not covered under Paragraphs 4(a) and 4(b) to whom Confidential Information may be disclosed hereunder shall, prior to disclosure, execute an undertaking in the form annexed hereto as Exhibit A and thereby shall be bound by this Agreement. Copies of such executed undertaking shall be retained by counsel for the party making such

disclosure.

6.

All Confidential Information shall remain in the possession of the attorneys for the parties and they shall not permit any such confidential matter to leave their possession or the possession of those assisting counsel of record as designated by Paragraph 4 hereof, except that it may be submitted to a court or pursuant to lawful process, such as a subpoena.

7.

Confidential Information developed, revealed or included within any discovery proceedings, formal or informal, whether in the form of depositions, transcripts, interrogatory answers, document production or contained in motions, affidavits, briefs or other documents submitted to this Court shall be subject to this Order.  Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in the Court's Procedures for Electronic Filing Documents Under Seal, located in Section II(J) of Appendix H to the Local Rules of the Northern District of Georgia and Section III. F. of this Court's Case Instructions.

8.

Should any party to this proceeding object to a confidential designation by a Producing Party, after conferring in a good faith attempt to resolve the issue and providing the Producing Party 10 days to withdraw the confidential designation, the party challenging the designation may apply to the Court for a determination of whether such classification is valid and the information entitled to the protection of this Order; provided however, that any information the designation of which is subject to dispute shall be treated as Confidential Information subject to this Order pending further order of the Court.

9.

Any party or non-party Producing Party may apply to the Court, on reasonable notice to the other parties and the relevant non-party Producing Party, for relief from or modification of any provision of this Order. Any disputes concerning objections and other matters falling within the scope of, or relating to the interpretation of, this Order shall be submitted for ruling by this Court.

10.

At the conclusion of this proceeding and any appeal therefrom being final:

(a) Counsel for the parties shall retrieve from the Court such Confidential Information as the Court in its discretion will permit, and return the same to the Producing Party;

(b) All other Confidential Information and copies thereof in the possession

or control of the parties shall be destroyed or returned to the Producing Party upon the Producing Party's request.

11.

Nothing in this Agreement shall constitute (1) a waiver by any Producing Party of any objection to any discovery request in this or other action; (2) a waiver by any Producing Party of any claim of immunity or privilege with regard to any testimony, documents or information; or (3) an admission by any Producing Party that any document, testimony or information is relevant to any issue in the above-referenced action.

12.

(a)     Governmental Inquiry.

If a party, non-party or their attorney is questioned regarding Confidential Information without prior notice by a person identifying himself as a governmental agent or representative, the party, non-party or their attorney may respond fully and accurately to such questions as may be posed by said governmental agent or representative. The party, non-party or attorney so questioned will, within twenty-four (24) hours after being questioned, notify the Producing Party's designated agent of any inquiries are made by the governmental agency.

(b)     Legal Process.

In the event a party, non-party or their attorney is required to appear in any

subsequent legal proceeding which may concern the Confidential Information, said party, non-party or their attorney will notify the Producing Party's designated agent within twenty-four (24) hours after receipt of such process (including summons, subpoena or court order). The Producing Party may thereafter take such action as it deems necessary to prevent the disclosure of the Confidential Information. The person required to testify may respond to any questions regarding the Confidential Information unless they are directed by a Court to refrain from testifying.

(c)   Designated Agent.

Each Producing Party shall provide the name, address and telephone number of one (1) agent designated by the Producing Party to receive the notifications contemplated under this Order. The Producing Party may change said designated agent from time to time upon reasonable written notice to named counsel of record in this case.

IT IS SO ORDERED, this __18th__ day of ____September____, 2023.

_s/Steve C. Jones_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

This Order is submitted on September 15, 2023.

| /s/ Kara E. Phillips | /s/ Brynda Rodriguez Insley |
|---|---|
| Gilbert H. Deitch<br>Georgia Bar No. 216400<br>Andrew T. Rogers<br>Georgia Bar No. 007010<br>Kara E. Phillips<br>Georgia Bar No. 379670<br>W. Michael D'Antignac<br>Georgia Bar No. 205714<br>DEITCH & ROGERS, LLC<br>1189 S. Ponce de Leon Ave. NE<br>Atlanta, Georgia 30306<br>Tel: 770-394-9000<br>gil@victimattorneys.com<br>andy@victimattorneys.com<br>kara@victimattorneys.com<br>michael@victimattorneys.com<br><br>Naveen Ramachandrappa<br>Georgia Bar No. 422036<br>E. Allen Page<br>Georgia Bar No. 640163<br>BONDURANT MIXSON<br>& ELMORE LLP<br>1201 W. Peachtree Street NW<br>Suite 3900<br>Atlanta, Georgia 30309<br>Tel: 404-881-4100<br>ramachandrappa@bmelaw.com<br>page@bmelaw.com<br><br>Dennis T. Cathey<br>Georgia Bar No. 116600<br>Matthew A. Cathey<br>Georgia Bar No. 532981 | Brynda Rodriguez Insley<br>Ga. Bar No. 611435<br>LeeAnn Jones<br>Ga. Bar No. 402440<br>Jennifer Clark<br>Ga. Bar No. 39185<br>TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Cir, Ste 200<br>Atlanta, Georgia 30339<br>Tel: 770-434-6868<br>binsley@taylorenglish.com<br>jclark@taylorenglish.com<br><br>*Attorneys for Defendant Young Men's Christian Association of Georgia's Piedmont, Inc.*<br><br>**/s/William Brent Ney**<br><br>William Brent Ney<br>Georgia Bar No. 542519<br>NEY RHEIN WILLIAMS, LLC<br>265 South Culver Street<br>Lawrenceville, Georgia 30046<br>404-842-7232<br>william@neyrhein.com<br><br>*Attorney for Defendant Jeremy Green* |

Page 1

CATHEY & STRAIN, LLC
649 Irvin Street
Cornelia, Georgia 30531-3267
Tel: 706-408-8546
DCathey@catheyandstrain.com
MCathey@catheyandstrain.com

*Attorneys for Plaintiff*
*Wayne Cobb*

## **CERTIFICATE OF SERVICE**

I certify that, on September 18, 2023, I served this **Consent Protective Order** by using the CM/ECF service, which automatically serve by electronic service the following counsel of record:

*Attorneys for Defendant Jeremy Green*

William Brent Ney
Ney Rhein Williams, LLC
265 South Culver St
Lawrenceville, GA 30046
william@neyrhein.com

James T. Budd
Peter C. Brown
MABRY & MCCLELLAND, LLP
2200 Century Pkwy, N.E., Ste 1000
Atlanta, GA 30345
jbudd@m-mlegal.com
pbrown@m-mlegal.com

*Attorney for Defendant
Young Men's Christian Association of Georgia's Piedmont Inc.*

Brynda Rodriguez Insley
LeeAnn Jones
Jennifer Clark
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Cir, Ste 200
Atlanta, Georgia 30339
binsley@taylorenglish.com
ljones@taylorenglish.com
jclark@taylorenglish.com

**/s/ Kara E. Phillips**

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| WAYNE COBB,<br><br>      *Plaintiff*,<br>v.<br><br>JEREMY "BOB" GREEN and YOUNG MEN'S CHRISTIAN ASSOCIATION OF GEORGIA'S PIEDMONT, INC.,<br><br>      *Defendants*. | CIVIL ACTION FILE<br>2:23-CV-130-SCJ<br><br>JURY TRIAL DEMANDED |

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

_____ who maintains his/her address as _____ and is employed by _____, hereby acknowledges that he/she has read the Confidentiality Order filed on _____ in the above-captioned matter, and agrees to be bound by that Order.

AGREED TO:

_____      _____
Date      Signature

02642452-1